UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

MARK ANTHONY JACKSON, II,

    Plaintiff,

V.

CARROLL COUNTY, KENTUCKY,

    Defendant.

CIVIL ACTION NO. 3:20-30-KKC-CJS

**REPORT AND RECOMMENDATION**

Plaintiff Mark Anthony Jackson, II has filed a "Motion for Settl[e]ment/Dismiss," which Motion asks the Court "to issue an order to dismiss the above case due to a settlement and/or agreement." (R. 17). As noted in this Court's prior Order (R. 19), this filing is vague in that it does not actually state whether Jackson has settled his case with Defendant Carroll County. Therefore, Defendant was ordered to respond, which it since has, stating that the parties have not settled nor negotiated in pursuit of settlement. (R. 20). Further, Defendant states that it has no objection to the extent that Jackson is requesting a voluntary dismissal. (*Id.*).

Defendant's response narrows the possible interpretation of Jackson's filing—he has not in fact reached a settlement with Defendant. After reviewing other cases filed by Jackson in this district, it appears that Jackson, by this "Motion for Settl[e]ment/Dismiss" filing, seeks to voluntarily dismiss his case. Specifically, in two other cases filed in the Eastern District of Kentucky this year, 3:20-cv-39-GFVT and 3:20-cv-20-DCR, Jackson filed nearly identical motions as in this case. (*Compare* R. 17 of this case *with* R. 11 of 3:20-cv-39-GFVT and R. 14 of 3:20-cv-20-DCR). In each of these other cases, the presiding District Judge treated the motion as being brought under Federal Rule of Civil Procedure 41(a)(2), which permits a court to dismiss an action at the plaintiff's request by court order. (*See* R. 13 of 3:20-cv-39-GFVT and R. 15 of 3:20-

cv-20-DCR). And in each case, Jackson's motion was granted and the matter was dismissed. (*Id.*). Moreover, following the dismissal in each case, Jackson never submitted any filing indicating that he disagreed with the presiding District Judge's construction of his motion as seeking voluntary dismissal. Given these circumstances, it will be recommended that Jackson's "Motion for Settl[e]ment/Dismiss" be viewed as requesting voluntary dismissal of the instant case under Federal Rule of Civil Procedure 41(a)(2) and, Defendant having no objection to the dismissal, that the request to dismiss be granted.

In addition, recently Defendant filed a Motion to Compel, seeking "an Order compelling the Plaintiff to answer Defendant's First Set of Interrogatories and Request for Production of Documents." (R. 22). The record reflects that Defendant on July 31, 2020 served written discovery upon Plaintiff (*see* R. 21) and that, as of the filing of the Motion to Compel, Defendant has not received any responses from Plaintiff. However, in light of the within recommendation that this case be dismissed, Defendant's Motion to Compel will be rendered moot.

Accordingly, **IT IS RECOMMENDED** that:

1) Plaintiff's Motion to Dismiss (R. 17) **be granted;**

2) the claims asserted in this action by Plaintiff against Defendant **be dismissed;**

3) Defendant's Motion to Compel (R. 22) **be denied as moot;** and

4) this action **be stricken** from the Court's docket.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days of the date of service or further appeal is waived. 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 728 F.2d 813, 815 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

Dated this 27th day of October, 2020.



Signed By:
*Candace J. Smith*
United States Magistrate Judge

J:\DATA\Orders\civil frankfort\2020\20-30-KKC R&R to dismiss.docx